THOMAS N. McCARTER, RECEIVER, &c., PLAINTIFF IN ERROR, v. GEORGE W. KETCHAM, ADMINISTRATOR OF WILLIAM S. KETCHAM, DECEASED, DEFENDANT IN ERROR.

Submitted March 25, 1907—Decided June 17, 1907.

In an action based upon a decree of the Court of Chancery made after hearing on petition, answer and replication, and whereby it appears that said court took an account of all the assets of an insolvent corporation, and of all its liabilities, ascertained the amount of unpaid subscriptions and who were the parties to be assessed, and directed the amount to be assessed against them—
*Held*—

(1) That the decree is conclusive as to the subscription to the capital stock of the insolvent corporation and that the same remains unpaid to the amount set out in the decree.

(2) That the reservation of defences made in such decree applies only to such defences as may have arisen since the date of the decree.

---

On error to the Essex Circuit Court.

For the plaintiff in error, *James E. Howell.*

For the defendant in error, *Frank E. Bradner.*

The opinion of the court was delivered by

VROOM, J.    This action was brought by the receiver of the Clinton Hill Lumber and Manufacturing Company, an insolvent corporation, to recover, for the benefit of creditors, the unpaid portion of the subscription of William S. Ketcham

to said company. In addition to the defences set up in previous cases brought by said receiver in this court (*McCarter, Receiver,* v. *William S. Ketcham, Jr.,* 43 *Vroom* 247, and *McCarter, Receiver,* v. *George T. Ketcham, ante p.* 825), the defendant interposed pleas of payment, the one that the said William S. Ketcham, Sr., on the 23d of January, 1893, paid to the said Clinton Hill Lumber and Manufacturing Company, the whole of his subscription to the stock of said company, to wit, the sum of $10,000, and the other that the said William S. Ketcham, Sr., on the said 23d day of January, 1893, delivered to the said Clinton Hill Lumber and Manufacturing Company a deed of sale of certain goods and chattels of the value of $10,000, which deed of sale was executed by Frank D. Holloway, in full satisfaction and discharge of the subscription of said William S. Ketcham, Sr., for the stock of the said lumber company, and which said goods and chattels and deed of sale the said company accepted and received in full satisfaction and discharge of said subscription.

The trial judge held that in his opinion payment had been established, and that there was no question for the jury, and directed a verdict for the defendant.

It is contended, on the part of the plaintiff in error, that the action here was based upon a decree of the Court of Chancery; that it was the result of a hearing before a Vice Chancellor on a petition, answer and replication; that said court took an account of all the assets of the insolvent corporation and of all its liabilities, ascertained the amount of unpaid subscriptions and who were the parties to be assessed, and directed the amount to be assessed against them, having also ascertained the amount of stock to be assessed, and that by said decree the non-payment of the stock subscription of William S. Ketcham, Sr., to the extent of sixty per cent. of the amount thereof, had been established.

The decree made on June 9th, 1903, directing the assessment was in evidence in this case, and it recited that it appears that sixty per cent. of the said several assessments remains unpaid, and that in order to pay the debts of the said corporation it would be necessary to call upon the said sub-

scribers for such sum as might be necessary for that purpose and for the purpose of paying the costs and expenses of the administration of the estate of said corporation, "and the said receiver was directed and authorized to collect the sum necessary for that purpose, which had been found to be $6,344.97, from George W. Ketcham, George W. Ketcham, administrator, and out of their respective subscriptions as incorporators and stockholders of the Clinton Hill Lumber and Manufacturing Company, which have not been fully paid up (but not to exceed sixty per cent. thereof), and to enforce payment of such assessment and call by suit, if necessary, against each of the delinquent subscribers and stockholders of the said corporation."

The defence made here is predicated entirely upon the following reservation, made at the end of the above decree: "This order is made, however, without prejudice to the rights of any person named in said petition or in this order to any defence which they may have to any actions, legal or equitable, which may be brought against them on such alleged stock subscriptions."

There is certainly great merit in the contention of the plaintiff in error that this reservation must have no force because it reserves the whole cause of action and the whole defences, and that if it has any force at all it must only be considered as a reservation of such defences as arose since the date of the decree, which the defendant would have under any circumstances. Should it be held otherwise, and it be held a reservation of all defences, then the decree has no force whatever. The question whether the subscription of William S. Ketcham has been paid in full or only to the extent of forty per cent. was one of the very matters litigated in the Court of Chancery. The petition of the receiver avers that forty shares of the capital stock of the company had been issued to William S. Ketcham, forty shares to William S. Ketcham, Jr., and two shares to George W. Ketcham, and that the said eighty-two shares so issued to them were part and parcel of the shares subscribed by them respectively in and by the certificate of organization; that the directors of the company

had never made any call upon the incorporators requiring them to pay into the treasury any money on account of their stock subscriptions, and the incorporators have never paid any money to the said corporation, or for its benefit, and that the said eighty-two shares issued as aforesaid were claimed by the holders thereof to have been issued for property purchased, but in some way unknown to the petitioner. The petition prays that the court will either levy an assessment, or direct the receiver so to do, requiring the stockholders to severally pay such amount of the unpaid subscriptions as may be necessary to pay the debts. The answer to this petition interposed by the defendants denied that any shares of stock of the Clinton Hill Lumber and Manufacturing Company were actually issued to either of the Ketchams; admits that no calls upon the alleged incorporators or stockholders have ever been made, and denies that any shares of stock were actually issued for property purchased, or that either of the Ketchams claims to be the holder of any such shares of stock, or are the holders of any shares of stock claimed by them to have been issued for property purchased. It further avers that no actual subscription for shares of stock in said corporation was made by any person or persons; that an attempt was made by several persons named in the certificate of incorporation to form a corporation, but that said persons could not agree, and the entire scheme was abandoned; that said company never had possession of any property belonging to Frank D. Holloway, and never owned any property of any kind or description.

There is, in my opinion, no escape from the conclusion that, upon the issue then made, the decree of June 9th, 1903, is conclusive to the effect that William S. Ketcham, Sr., was a subscriber to the capital stock of the Clinton Hill Lumber and Manufacturing Company, and that the said subscription remained unpaid to the extent of sixty per cent. thereof. As was pertinently urged by counsel for the receiver, if the inquiry in the Court of Chancery is not conclusive, why should it have been made at all?

The direction of a verdict for the defendant by the trial court was error.

The judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.  15.